UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | No. 2:14-cv-1434-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS[1] |
| S.R. FARIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated she is eligible to proceed in forma pauperis. A prisoner may not proceed in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Plaintiff did not respond to the court's order directing her to complete and return the form indicating either her consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (2) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (3) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim). *See also Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

Plaintiff's complaint includes several claims for relief, including: (1) that she was denied a fair and impartial disciplinary hearing on May 21, 2014, ECF No. 1 at 4; (2) that her television access was restricted, *id.* at 6; (3) that a correctional officer physically attacked her on March 10, 2014, *id.* at 7; (4) that she was sexually assaulted by other prison officials on March 19, 2014, *id.*; (5) that over 30 prison officials routinely spit into and poison her food, and that she has been collecting samples of the contaminated food for purposes of DNA analysis and use in prosecutions for attempted murder, *id.* at 8; and (6) that prison officials are repeatedly searching her cell to confiscate the DNA evidence she is collecting, *id.* at 9-11.  Plaintiff states she is "being poisoned daily through [her] foods (breakfast and dinner) . . . and [is] in imminent dangers of irreparable harm, continued injures, and death." *Id.* at 17.

Plaintiff's claims alleging denial of a fair disciplinary hearing, limited television access, and routine cell searches do not demonstrate any imminent danger of serious physical injury. Likewise, her claims of two unrelated physical attacks do not demonstrate any imminent danger of serious physical injury.[2]

Moreover, and as plaintiff is well aware, her allegations of being poisoned through contaminated food have been previously reviewed and found not plausible. *See Andrews v.*

---

[2] Moreover, plaintiff indicates that she is pursuing a claim based on the March 19, 2014 sexual assault in a previously filed action, *Williams v. Kaiser*, 2:14-cv-1218 MCE CKD P (E.D. Cal.). *See* ECF No. 1 at 12.  Review of the complaint in that action reveals that it too, complains about the alleged attack on March 10, 2014. *See Williams*, ECF No. 1 at 7.

*Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.). The court has informed plaintiff on numerous occasions that her allegations about being poisoned are not plausible. *See Williams v. Bauer*, No. 2:12-cv-2158-MCE-EFB (E.D. Cal. Jan. 30, 2013) (finding plaintiff's allegations of being poisoned implausible and denying application to proceed in forma pauperis); *Williams v. Norton*, 2:12-cv-2889 CKD (E.D. Cal. Dec. 4, 2012) (same); *Williams v. CDCR*, 2:12-cv-1616 JAM EFB (E.D. Cal. Aug 1. 2012) (finding implausible plaintiff's allegations of being poisoned, and recommending that plaintiff's in forma pauperis status be denied), *adopted* (E.D. Cal. Oct. 29, 2012); *Williams v. Willie*, CIV S-11-1532 MCE DAD (E.D. Cal. Mar. 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of § 1915(g) did not apply), *adopted* (E.D. Cal. Apr. 23, 2012); *Williams v. Gomez*, 2:11-cv-0426 GEB EFB (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status be revoked), *adopted* (E.D. Cal. Feb. 6, 2012). Accordingly, plaintiff's application for leave to proceed in forma pauperis must be denied pursuant to § 1915(g).

In addition, the "court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." *Visser v. Supreme Court of California*, 919 F.2d 113, 114 (9th Cir. 1990) (citing *In re McDonald*, 489 U.S. 180 (1989)). Despite the numerous dismissals, listed above, plaintiff continues to initiate lawsuits in forma pauperis, such as this one, on the grounds that the imminent danger exception applies based on her allegations of being poisoned on a daily basis. *See, e.g., Williams v. Kaiser*, 2:14-cv-1218 MCE CKD (E.D. Cal.) (May 19, 2014 complaint alleging imminent danger because of daily poisoning); *Williams v. Harris*, 2:14-cv-1191 WBS AC (E.D. Cal.) (May 15, 2014 complaint alleging daily poisoning); *Williams v. Bal*, 2:12-cv-1005 LKK EFB (E.D. Cal) (April 17, 2012 complaint alleging imminent danger of injury or death because she was denied HIV medication and prison officials were poisoning her food); *Williams v. Wedell*, 2:12-cv-1438 GEB GGH (E.D. Cal.) (May 29, 2012 complaint alleging denial

of HIV medication and imminent danger because of poisoning); *Williams v. Nappi*, 2:12-cv-1604 GEB CMK (E.D. Cal.) (June 14, 2012 complaint alleging imminent danger because of daily poisoning); *Williams v. CDCR*, 2:12-cv-1616 JAM EFB (E.D. Cal.) (June 15, 2012 complaint alleging the same). Given these filings, the court finds that plaintiff's application for leave to proceed in forma pauperis should also be denied because plaintiff has "engaged in a pattern of litigation which is manifestly abusive." *Visser*, 919 F. 2d at 114.

Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE