UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>             Plaintiff,<br><br>       v.<br><br>S.R. FARIS, et al.,<br><br>             Defendants. | No. 2:14-cv-1434-EFB P<br><br><br>ORDER[1] |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated she is eligible to proceed in forma pauperis. A prisoner may not proceed in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] On July 26, 2014, the court recommended that this action be dismissed, and directed the Clerk of Court to assign a district judge to this case. ECF No. 4. On the same day, however, the Clerk docketed plaintiff's consent form, consenting to proceed before the undersigned for all purposes. ECF No. 5; *see also* 28 U.S.C. § 636(c). Accordingly, the Clerk of Court is directed to remove the district judge assignment to this case.

1

On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (2) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (3) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim). *See also Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

Plaintiff's complaint includes several claims for relief, including: (1) that she was denied a fair and impartial disciplinary hearing on May 21, 2014, ECF No. 1 at 4; (2) that her television access was restricted, *id.* at 6; (3) that a correctional officer physically attacked her on March 10, 2014, *id.* at 7; (4) that she was sexually assaulted by other prison officials on March 19, 2014, *id.*; (5) that over 30 prison officials routinely spit into and poison her food, and that she has been collecting samples of the contaminated food for purposes of DNA analysis and use in prosecutions for attempted murder, *id.* at 8; and (6) that prison officials are repeatedly searching her cell to confiscate the DNA evidence she is collecting, *id.* at 9-11.  Plaintiff states she is "being poisoned daily through [her] foods (breakfast and dinner) . . . and [is] in imminent dangers of irreparable harm, continued injures, and death." *Id.* at 17.

Plaintiff's claims alleging denial of a fair disciplinary hearing, limited television access, and routine cell searches do not demonstrate any imminent danger of serious physical injury. Likewise, her claims of two unrelated physical attacks do not demonstrate any imminent danger of serious physical injury.[2]

Moreover, and as plaintiff is well aware, her allegations of being poisoned through contaminated food have been previously reviewed and found not plausible. *See Andrews v.*

---

[2] Moreover, plaintiff indicates that she is pursuing a claim based on the March 19, 2014 sexual assault in a previously filed action, *Williams v. Kaiser*, 2:14-cv-1218 MCE CKD P (E.D. Cal.). *See* ECF No. 1 at 12.  Review of the complaint in that action reveals that it too, complains about the alleged attack on March 10, 2014. *See Williams*, ECF No. 1 at 7.

1   *Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception
2   applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of
3   serious physical injury at the time of filing.).  The court has informed plaintiff on numerous
4   occasions that her allegations about being poisoned are not plausible.  *See Williams v. Bauer*, No.
5   2:12-cv-2158-MCE-EFB (E.D. Cal. Jan. 30, 2013) (finding plaintiff's allegations of being
6   poisoned implausible and denying application to proceed in forma pauperis); *Williams v. Norton*,
7   2:12-cv-2889 CKD (E.D. Cal. Dec. 4, 2012) (same); *Williams v. CDCR*, 2:12-cv-1616 JAM EFB
8   (E.D. Cal. Aug 1. 2012) (finding implausible plaintiff's allegations of being poisoned, and
9   recommending that plaintiff's in forma pauperis status be denied), *adopted* (E.D. Cal. Oct. 29,
10  2012); *Williams v. Willie*, CIV S-11-1532 MCE DAD (E.D. Cal. Mar. 16, 2012) (finding
11  implausible plaintiff's allegations of being poisoned, noting that she had been making such claims
12  since 2006, and determining that the imminent danger exception of § 1915(g) did not apply),
13  *adopted* (E.D. Cal. Apr. 23, 2012); *Williams v. Gomez*, 2:11-cv-0426 GEB EFB (E.D. Cal. Dec.
14  21, 2011) (finding implausible plaintiff's allegations of being poisoned and denied HIV
15  medication, and recommending that plaintiff's in forma pauperis status be revoked), *adopted*
16  (E.D. Cal. Feb. 6, 2012).  Accordingly, plaintiff's application for leave to proceed in forma
17  pauperis must be denied pursuant to § 1915(g).
18       In addition, the "court has the inherent power to restrict a litigant's ability to commence
19  abusive litigation in forma pauperis."  *Visser v. Supreme Court of California*, 919 F.2d 113, 114
20  (9th Cir. 1990) (citing *In re McDonald*, 489 U.S. 180 (1989)).  Despite the numerous dismissals,
21  listed above, plaintiff continues to initiate lawsuits in forma pauperis, such as this one, on the
22  grounds that the imminent danger exception applies based on her allegations of being poisoned on
23  a daily basis.  *See, e.g., Williams v. Kaiser*, 2:14-cv-1218 MCE CKD (E.D. Cal.) (May 19, 2014
24  complaint alleging imminent danger because of daily poisoning); *Williams v. Harris*, 2:14-cv-
25  1191 WBS AC (E.D. Cal.) (May 15, 2014 complaint alleging daily poisoning); *Williams v. Bal*,
26  2:12-cv-1005 LKK EFB (E.D. Cal) (April 17, 2012 complaint alleging imminent danger of injury
27  or death because she was denied HIV medication and prison officials were poisoning her food);
28  *Williams v. Wedell*, 2:12-cv-1438 GEB GGH (E.D. Cal.) (May 29, 2012 complaint alleging denial

of HIV medication and imminent danger because of poisoning); *Williams v. Nappi*, 2:12-cv-1604 GEB CMK (E.D. Cal.) (June 14, 2012 complaint alleging imminent danger because of daily poisoning); *Williams v. CDCR*, 2:12-cv-1616 JAM EFB (E.D. Cal.) (June 15, 2012 complaint alleging the same). Given these filings, the court finds that plaintiff's application for leave to proceed in forma pauperis should also be denied because plaintiff has "engaged in a pattern of litigation which is manifestly abusive." *Visser*, 919 F. 2d at 114.

Accordingly, it is hereby ORDERED that:

1. The Clerk of the Court is directed to remove the district judge assignment in light of plaintiff's consent; this case is now assigned to the undersigned;
2. The July 26, 2014 findings and recommendations (ECF No. 4) are vacated;
3. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied; and
4. This action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

Dated: June 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE